**BLUNT *vs.* CONN.**

The charge of fraud against an insolvent debtor cannot be made unless within ten days after the appointment of syndics.

Whether an action of nullity could in any shape be maintained to avoid the effects of a judgment of homologation when, subsequent thereto, proof could be adduced to show fraud in the insolvent. Quere?

*Young,* for appellant. *Roselius,* for appellee.

The facts are stated in the opinion of the court, delivered by *Mathews, J.*

The petition in this case states the plaintiff to be one of the creditors and syndic of the estate of the defendant, an insolvent debtor; fraud is alleged against him in consequence of having withheld from his creditors the sum of two hundred and forty-two dollars, by concealing a note of hand given to him by one J. Smith, which was afterwards paid to the insolvent. In answer to this suit, several exceptions are pleaded, and also the general issue. The court below, on the affidavit of the plaintiff, and in pursuance of the prayer of the petition in the first instance, ordered the defendant to be arrested and held in custody, &c. This order was subsequently rescinded; and from the decree of rescission the plaintiff appealed.

The allegations of the petition show that this suit relates to a voluntary surrender of property made by Henry Conn, Jr. & Co. to their creditors, for the administration of which syndics were regularly appointed, and that the proceedings in the concurso were homologated without opposition.

The action seems to be based on the provisions of the act of 1817, intended to prevent fraud in a case of *cessio bonorum.* But it appears to us to have been commenced too late to be legally sustained in its present form. The eighteenth section of this act points out the mode on which opposition must be made to the appointment of syndics and the manner which fraud is to be alleged against an insolvent debtor, which are required to be done within the ten days next following the appointment of the syndics, &c. The two following sections

relate to the manner of trying the accusation of fraud and the consequences of conviction.

The counsel for the appellant, however, relies principally on the ninth and twelfth section of the act which direct the means to be adopted, in order to have a faithful surrender by the insolvent of his property to provisional syndics. These we think are not applicable to a case like the present; nor can it be supported by those above cited, as is made evident by reference to the 27th section of the law, by which it is declared that, "if the accusation of fraud, brought against the insolvent debtor, is declared to be ill-founded, *or if there be no opposition to the surrender of his property*, the insolvent debtor shall be released and discharged from every imprisonment for any debts contracted until then, and from every judicial proceeding relative to the same, except in case he should thereafter acquire other property. This section seems forcibly to support the plea or exception *res judicata*, alleged by the defendant, which we believe must prevail against the present manner of pursuit adopted by the plaintiff. Whether an action of nullity could in any shape be maintained, to avoid the effects of a judgment of homologation of the proceedings, by which a fraudulent insolvent had obtained the benefit of the humane provisions of law intended for the honest, when subsequent to such homologation proof could be adduced to show gross fraud and concealment on the part of the insolvent, is a question which does not require a decision in the cause now under consideration.

*Whether an action of nullity could in any shape be maintained to avoid the effects of a judgment of homologation, when subsequent thereto proof could be adduced to show fraud in the insolvent. Quere?*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, setting aside the order for arrest, be affirmed: And it is further ordered, adjudged and decreed, that this suit be dismissed, with costs in both courts, to be paid by the plaintiff and appellant.