Manning, C. J.
The defendant was arrested and fined for a violation of the City Ordinance prohibiting private markets to be kept within a radius of six squares of any public market. That Ordinance was passed under the authority of a law of 1878. Sess. Acts, p. 152. The law is attacked for unconstitutionality, in that its object is not expressed in its title.
The title is comprehensive, and sufficiently suggests the subject matter of the legislation. The special objection appears to be that an Act, ■conferring the power to regulate private markets does not include the power to prohibit them. The law of 1878 limits the power of prohibition, before exercised by the City, and confines its exercise within ■certain bounds. There can be no doubt that the City, under legislative permission, can forbid the opening of markets except at designated places, and such forbidding is an exercise of its power to regulate markets. Mr. Dillon thus states the source of the power, and its extent;—
*545 “ The States under their police power, may delegate to municipal’, corporations the authority to establish, or authorize the establishment. of markets; and it is competent to such corporations under proper grants of power to enact ordinances forbidding sales and purchases of marketable articles, except at designated market places. * * * * * * In this country, the practice is almost universal on the part of the legislature to confer upon the municipal agencies more or • less authority with respect to markets and market places, and such grants are not so strictly construed as those which invest the corporation with powers of a more extraordinary or unusual character — at least such is the case, unless a monopoly in favor of private individuals is sought to be sustained against which the Courts strongly lean.” Munic. Corp. § 313.
In an early case this court said, in establishing markets, the City Council can designate certain spots or places for the sale of certain» articles of provision, and it has an undoubted right to prevent the violation of ordinances it may pass in establishing'markets. Moranov.. Mayor, 3 La. 217. Later, the right to prohibit the sale of particular things was considered and maintained. Municipality v. Cutting, 4-Annual, 335. The question presented here came up directly in New" Orleans v. Stafford, 27 Annual, 417, where the same objections were-made to the Act of 1874 that are now made to that of 1878. The former-act prohibited private markets within twelve squares of a public market. The later act diminishes the distance, and thereby gives a larger liberty. The dissenting opinions in that case were based upon a feature of it — the violation of a vested right — which this case does not contain. The principle, that under the power-to regulate markets the City can prohibit their establishment in particular localities, or within a given radius of them, is approved by writers of reputation, and has been sanctioned by judicial decisions, and is recommended by the necessity for its exercise in the interests of health, comfort, and cleanliness.
The defendant also attacks the Ordinance as unconstitutional, because it discriminates between those who keep private markets within six squares of a public market, and those who keep without six squares of one, because it imposes a license on the latter of $300, and does not impose any upon the former. It imposes no license on the former, but a prohibition, instead, and a fine for its violation. The City has the unquestioned right to impose a license, and when she prohibits a particular traffic within prescribed boundaries, is not guilty of the inconsistency of licensing that traffic within those boundaries. There is no discrimination between those who are permitted to carry on the.traffic.
The defendant also denies that a criminal prosecution to enforce the payment of a fine is warranted by law, and insists that the remedy *546 •should be sought by civil proceedings in an action qai tam. The proceeding is to enforce an ordinance of a municipal corporation, and the legality and constitutionality of a fine, imposed under it and for its violation, is the matter in contestation. It is that feature that gives us j urisdiction.
The act conferring power on the City to regulate markets being constitutional, and the ordinance exercising that power being legal, the fine was properly imposed, and therefore
The judgment is affirmed.